## PELTON v. MACY et al.

(Supreme Court, Appellate Division, First Department.   February 7, 1908.)

1. SUBMISSION OF CONTROVERSY—STIPULATIONS—CONSTRUCTION.
> A statement, in a submission of controversy on an agreed case, that a wife obtained an absolute divorce from her husband and that thereafter he was married to another person and is now the latter's lawful husband, should be accepted as proof of the latter fact, though such fact is a conclusion, since such second marriage could have taken place lawfully without the state.

2. TRUSTS—CONSTRUCTION—TERMINATION OF TRUST.
> A testator gave a legacy of a certain amount to his daughter, payable two years after his death, but with the provision that, if her husband should be living at the testator's death, the legacy should be invested by his executors and the income therefrom paid to her quarterly during her husband's life,· and that upon his death the limitation should cease and the sum be payable to her.   The daughter obtained an absolute divorce from her husband, who subsequently remarried.   Held, that the divorce and the husband's second marriage did not terminate the trust expressly created to last during the life of the husband.

Submission of controversy between Lucy Estelle Pelton and George H. Macy and another, as executors and trustees under the last will and testament of Oliver S. Carter, deceased.   Judgment for defendants.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ. .

Percy L. Klock, for plaintiff.
William B. Hill, for defendants.

LAUGHLIN, J. The single question of law presented by this submission is whether a trust created by the last will and testament of Oliver S. Carter, deceased, for the benefit of the plaintiff, who is his daughter, has terminated. The precise question is whether the trust, which has been expressly created to last during the life of her husband, has terminated during his lifetime by her obtaining a divorce from him and his remarrying again. By the eighth clause of the will the testator gave a legacy of $30,000 to each of his four daughters, payable at the expiration of two years after his death. With respect to the legacy to the plaintiff he expressly provided as follows:

"In case, however, the husband of my daughter, Lucy Estelle Pelton, shall be living at the time of my decease, I direct that the amount of her legacy of thirty thousand dollars ($30,000) shall be invested by my said executors in safe income-bearing securities, and the income derived therefrom shall be paid to her quarterly during her said husband's lifetime, and upon his death this limitation shall cease, and the said sum of thirty thousand dollars ($30,000) shall be payable to her."

No other provision of the will relates to the disposition of this fund in which the plaintiff is interested. At the time the will was made, and when it was probated, the plaintiff was the wife of one Franklin D. Pelton; but thereafter, and on the 28th day of September, 1907, in an action duly brought by her in the Supreme Court of this state against her husband for an absolute divorce, a final decree in her favor dissolving the marriage was duly made and entered. Another fact stipulated is that thereafter, and on the 7th day of October, 1907, said Franklin D. Pelton was married to one Daisy Gordon Hanna, and is now her lawful husband. This is a stipulation, in part, of a legal conclusion; but, since the remarriage could have taken place lawfully without this state, the stipulation should be accepted as proof of that fact. The marriage took place without the state of New York, where it might legally be performed. The defendants, under ancillary letters, hold within this jurisdiction, applicable to the trust for the plaintiff contained in said will, the sum of $29,157, being the legacy of $30,-000 less the state transfer tax and the national revenue tax thereon.

The learned counsel for the plaintiff contends that the purpose of the trust was to prevent the husband of the plaintiff from obtaining control over or influencing her with respect to the use of the money, and that by the divorce and his remarriage that danger has passed. It may well be that this was the object of the testator in giving this fund to his executors in trust during the life of the plaintiff's husband; but it is not so expressly stated. The fund was personal property. The testator is presumed to have known that the husband had no interest in the personal property of his wife, and that, while a husband might influence his wife with respect to the use of her personal property, he has no authority to control such use. He had no greater right during her life in that regard as husband than he has now. The theory of the plaintiff is that the trust terminated ipso facto upon the divorce and remarriage, without even the aid of a court of equity to have it dissolved. We are of opinion that it was a trust to continue during the life of the plaintiff's former husband. In form it is a trust during his life, and we are not at liberty to speculate as